COMMONWEALTH *vs.* FRANK E. STEVENS.

Hampden.  Sept. 28. — Oct. 21, 1886.  DEVENS & W. ALLEN, JJ., absent.

At the trial of a complaint for an unlawful sale of intoxicating liquor to A., he testified for the government that he bought one half-pint of whiskey of the defendant, paying a certain sum therefor; and he produced a small bottle of fluid, which he said was the same whiskey which he bought of the defendant, in the bottle in which it was delivered. *Held*, that the bottle was properly admitted in evidence.

If, at the time of taking an appeal to the Superior Court in a criminal case, a statute has been enacted and approved, but has not taken effect, providing for a new term of the Superior Court, to be held at an earlier day than the term then provided for by law, an appeal to such new term is not a ground for an arrest of judgment in the Superior Court.

COMPLAINT to the District Court of Eastern Hampden, for an unlawful sale of intoxicating liquor to one Pease, on May 27, 1885, at Monson. The record showed that the district court heard the complaint on June 26, 1885, adjudged the defendant guilty, and sentenced him; from which sentence he appealed " to the Superior Court, next to be holden at said Springfield, within and for the county of Hampden, on the fourth Monday of September next." Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

Pease was called as a witness for the government, and testified that, on May 27, 1885, he bought one half-pint of whiskey of the defendant, paying therefor the sum of twenty-five cents. At the request of the district attorney, the witness produced a small bottle of fluid, which he said was the same whiskey which he bought of the defendant, in the bottle in which it was delivered ; and it was admitted in evidence, against the objection of the defendant. It did not appear where said bottle of whiskey had been kept since said May 27. Pease also testified that he was hired and paid to buy said liquor, in order subsequently to testify thereto to convict the defendant, if possible ; that he and one Alberty were together engaged in the business of " spotting " alleged liquor sellers in Monson ; and that Alberty was present at the time said liquor was bought. Alberty testified substantially as did Pease upon all matters material herein.

The district attorney, in his argument to the jury, used the following language: "Where did Pease get that bottle of liquor? Now there is the bottle of liquor that Pease got there, and we have brought it here for you to see and try. There the liquor is; now where did he get it?" The bottle with its contents was sent out with the jury, who returned a verdict of guilty.

After verdict, the defendant filed a motion in arrest of judgment, "for the reason that upon the record of said case it is not now and never has been properly in said court, and that the court has no jurisdiction thereof." This motion was overruled; and the defendant alleged exceptions.

*E. H. Lathrop & C. L. Gardner*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

MORTON, C. J. The small bottle of whiskey produced by the witness Pease was properly admitted in evidence, it being identified as the whiskey which he bought of the defendant.

The motion in arrest of judgment was properly overruled. A person convicted of an offence before a district court has the right to appeal to "the Superior Court then next to be held in the same county." Pub. Sts. c. 155, § 58. The St. of 1885, c. 27, provides that "there shall be holden at Springfield, within and for the county of Hampden, an additional term of the Superior Court for criminal business; and hereafter terms of said court for criminal business shall be held at said Springfield on the first Monday of May, the fourth Monday of September, and the third Monday of December." The statute took effect on the first day of July, 1885.

Although this statute had not gone into effect at the time the defendant was sentenced, it had been enacted by the Legislature and approved by the Governor, and it established a term of the Superior Court which must certainly be held on the fourth Monday of September. The court properly took judicial notice of the establishment of this additional term. It was the only term to which the defendant could appeal, being the term "then next to be held in the same county," and the appeal was properly entered at that term. *Exceptions overruled.*