### WILL CATLETT v. THE STATE.

No. 3170. Decided June 17, 1914.

Rehearing denied October 14, 1914.

**1.—Assault to Murder—Charge of Court—Deadly Weapon.**

Where, upon trial of assault to murder, the evidence showed beyond question that the weapon used was a deadly one, there was no error in refusing a requested charge submitting this question to the jury; besides, even if this

question was in the case, the requested charge was error in asking an acquittal in case the jury should find that the weapon used was not a deadly one.

### 2.—Same—Charge of Court—Simple Assault.

Where, upon trial of assault to murder, the court submitted both assault to murder and aggravated assault, and the facts did not raise the issue of simple assault and no complaint was made to the charge of the court on that ground, there was no error.

### 3.—Same—Sufficiency of the Evidence.

Where, upon trial of assault with intent to murder, the evidence showed a reckless disregard of human life on the part of the defendant, the conviction for assault with intent to murder is sustained.

Appeal from the District Court of Coryell.  Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*I. W. Culp* and *Sadler & Cobb,* for appellant.—On question of the insufficiency of the evidence: Angel v. State, 45 Texas Crm. Rep., 135; Hamilton v. State, 60 id., 258; Bush v. State, 52 Texas Crim. Rep., 398, 107 S. W. Rep., 348; Russell v. State, 71 Texas Crim. Rep., 86, 158 S. W. Rep., 546; Burleson v. State, 73 Texas Crim. Rep., 200, 164 S. W. Rep., 851.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at two years confinement in the State penitentiary.

There are but two questions raised in the motion for new trial— one is that the evidence is insufficient to sustain the verdict, and the other is that the court erred in failing to give a special charge requested.  Substantially the case for the State is, on the morning of the alleged assault (which occurred just before daylight) appellant was at the home of his father, his mother being sick.  In the early morning, about five or six o'clock, the assaulted party, Ernest Kirby, and his two sisters were going from their father's residence to a field some distance away to load some cotton, and in doing so the path would carry them near the residence of appellant's father.  Kirby had with him a lighted lantern; it being muddy, the tracks made by him and his two sisters were plainly discernible after daylight, and they were traced from their father's home to the place where Kirby was shot, and these tracks showed that Kirby, and neither of his sisters, was inside of the enclosure of appellant's father.  That they were traveling along the way when a gun was fired, striking Kirby in the shoulder.  No word was spoken by either of the parties prior to the shooting.

Appellant's contention is that some one had been stealing corn from

his father's barn, he having corn in this barn. That on the morning in question he saw a light near the barn and he called the attention of others present to that fact; that he believed some one was again trying to steal some corn. He secured a 32-calibre rifle, called a target gun, and he and Henry Jackson went down about the barn to make an investigation. After he got out of the house, he says, he could see the light moving on off, and he and Jackson hurried towards the light, and when he got in about one hundred yards of the light he fired the rifle to frighten whoever it was with the light; that he did not know who it was.

There is no complaint in the record of the charge as given, but appellant contends that the court erred in failing to give the following special charge: "At the request of counsel for defendant I charge you, gentlemen of the jury, in connection with the main charge and as a part thereof that an assault to murder and aggravated assault the burden rests upon the State to prove beyond a reasonable doubt that the weapon used in making such assault, if any, was a deadly weapon, and should you believe from the evidence beyond a reasonable doubt that the defendant did assault, as charged, the said Ernest Kirby, but you have a reasonable doubt as to whether the weapon used was a deadly weapon then you will acquit the defendant." We do not think there can be any question that the weapon used was a deadly weapon. A 32-calibre rifle ball, fired at a distance of from seventy-five to one hundred yards would certainly inflict death. But if it was a question as to whether or not the rifle was a deadly weapon, the above charge should not have been given, for if he fired the gun, and not killing he would not be entitled to an acquittal, for he would be guilty of some grade of assault under such circumstances. The court submitted both assault to murder and aggravated assault, and there is no complaint that he should also have submitted simple assault, and taking into consideration the character of weapon used, we do not think it was necessary for the court to have submitted that issue, even though such complaint had been made.

We think the evidence amply supports the verdict, for it shows a shooting under such circumstances as to show a reckless disregard of human life. If appellant at first believed that the light was near his father's barn, he knew before he fired the shot that the light was not near it when he shot, for he had passed the barn some hundred yards before he fired. He said not a word, and if he had called he would have learned that it was a neighbor passing by on his way to work with two of his sisters, and Jackson says that the morning after the shooting appellant said to him he wished he had "killed Kirby."

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 14, 1914.—Reporter.]