F. H. LATSON V. THE STATE.

No. 7672.  Decided June 29, 1923.

Rehearing denied October 24, 1923.

**1.—Transportation of Intoxicating Liquor—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence, the same was correctly overruled.

**2.—Same—Bill of Exceptions—Part of Record—Judicial Knowledge.**

Where appellant challenges the right of the court to embrace the matters mentioned in the qualification of the bill of exceptions, particularly that relating to the motion to repossess the whisky, and this was apparently a part of the record in the case, and the matter within the judicial knowledge of the court, there was no reversible error. Following Dunn v. State, 92 Texas Crim. Rep., 131.

**3.—Same—Motion for a New Trial—Want of Diligence.**

The fact that the alleged absent witness was subpoenaed in the companion cases was not available to show diligence, and the motion for a new trial not being supported by affidavit, fortifying the motion for continuance, the same was properly overruled.

**4.—Same—Practice in Trial Court—Requested Charge—Res Gestae.**

Where it did not appear that any exceptions were reserved to the court's action in refusing requested charges or amending the main charge, and the declarations of defendant were not shown to have been made while he was under arrest, and even if so, they were *res gestae*, there was no reversible error. Following Broz v. State, 93 Texas Crim. Rep., 137.

**5.—Same—Evidence—Technical Expert.**

The statement of witnesses that they had tasted the liquor and that it was whisky and was intoxicating were available, and this did not require testimony of a technical expert.

**6.—Same—Evidence—Liquid in Fruit Jars.**

Examination of the liquid in the fruit jars and containers in the presence of the jury did not constitute error.

**7.—Same—Evidence—Circumstantial Evidence.**

The fact that an automobile answering the description of that found in the possession of defendant had been seen travelling along the same road, etc., was material and admissible, under the facts in the instant case.

**8.—Same—Argument of Counsel—Failure to Testify.**

The contention that the State counsel's offended against the rule with reference to the failure of the accused to testify is unsound, in the record of the instant case, as it was but a reply to defendant's counsel's argument,

**9.—Same—Rehearing—Stating Facts in Opinion.**

While the quotation as to State's counsel's argument in the original opinion is typographically incorrect, it by no means affects this decision.

**10.—Same—Argument of Counsel—Bill of Exceptions—Qualification.**

The qualifications of the bill of exceptions complaining of the remark of the prosecution must be accepted by this court as speaking the truth, and where it appeared that the language of the State's attorney was not necessarily a comment on defendant's failure to testify, and was merely a statement in response to the argument of appellant's attorney, there was no reversible error.

Appeal from the District Court of Rockwall. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. A. Ward, and Dougherty, Dougherty & Tarlton,* for appellant. On question of argument of counsel, Young v. State, 243 S. W. Rep., 473; Hunt v. State, 12 id., 737; Anglin v. State, 80 id., 370; Com. v. Nichols, 144 Mass., 385.

*R. G. Storey,* Assistant Attorney General, for the State. On question of argument, Rundell v. State, 90 Texas Crim. Rep., 410.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

On the 27th day of November appellant was arrested. He was observed on the public road near a Buick roadster automobile which was standing on the road and which was apparently in possession of the appellant. No one else was present, and he did not at the time indicate that the automobile belonged to or was under the control of any other person. The sheriff, without disclosing his identity, had a short conversation with appellant before his arrest. In this conversation, appellant said that he had a "puncture" but needed no help; also that he had a drink of whisky but did not have a load. When the sheriff revealed his identity, the appellant started to get in the car. The sheriff insisted on inspecting the contents of the car and found a number of gallons of whisky. Other persons came upon the scene, and one of them (Burton) drove the Buick roadster to Rockwall at the request of the sheriff. The appellant was released on bail the next day and on his release took possession of the automobile. When discovered, the curtains on the car were up. The road on which the arrest was made ran from Dallas to Greenville, Texas, and persons living near the road testified to having, on the same morning, seen a car of the same description traveling on the road in the direction of the place at which appellant and the sheriff met. But one person was seen in the car. Witnesses on behalf of appellant testified that about the day before the arrest, inquiry had been made for the appellant by one, Charley Cooper, also that the appellant and Cooper, about that date, were seen talking together and that Cooper had suggested to appellant that he accompany him to Dallas. Testimony was also introduced to the effect that a man answering the description of Cooper was seen at Greenville on the morning on which the arrest was made and that he and the appellant were at the time in an automobile together.

A motion to continue was made to secure the testimony of Charley Cooper. Subpoena for 'said witness had been requested on October 19th though no service had been had. At the same time a subpoena was issued in a companion case for the same witness, which was served. According to the motion, the appellant expected to prove by Cooper that the car and the whisky were under his control and that appellant had no interest in them; that appellant was in the car solely as the guest of Cooper, in response to an invitation extended on the day before the arrest. From the qualification of the bill it appears that the indictment was returned in June; that no request for a subpoena was made until October and then it was not made under oath; that after his arrest and discharge on bail, appellant claimed and took possession of the car and in a sworn motion claimed ownership of the whisky.

In another bill, appellant challenges the right of the court to embrace the matters mentioned in the qualification of the bill, particularly that relating to the motion to repossess the whisky. This apparently was a part of the record in the case and a matter within the judicial knowledge of the court. See C. C. P. Art. 929; Dunn v. State, 92 Texas Crim. Rep. 131; Miller v. State, 92 Texas Crim. Rep., 259, 242 S. W. Rep., 1040. The repossession of the automobile appears from the evidence. The fact that the witness Cooper was subpoenaed in the companion cases was not available to show diligence. Roberts v. State, 89 Texas Crim. Rep., 454, 231. S. W. Rep. 759. Particularly is this true in the absence of testimony showing that diligence would not have resulted in the discovery of the error in failing to serve the subpoena at a time when it could be corrected. The delay in issuing process for Cooper from June to October is a circumstance bearing both on the question of diligence and upon the probable truth of the alleged testimony of the absent witness. The fact that Cooper would have given testimony of his own guilt of the offense charged against appellant or that by delay he could have been produced as a witness is not so pertinent as to justify the conclusion that in overruling the motion the court abused his discretion. The motion for new trial was supported by no affidavits fortifying the motion for a continuance.

To invoke a review of the action of the trial court in refusing to read to the jury a requested charge or in refusing to amend his original charge in response to the objections addressed thereto, the record must be so shaped that it will inform this court that there was exception reserved to the action of the court. See Linder v. State, 94 Texas Crim. Rep., 316, 250 S. W. Rep., 703 and cases therein referred to. Several assignments in the instant case are based upon the refusal of special charges and the refusal to amend the main charge. It is not made to appear that any exceptions were

reserved to the court's action. The declarations of the appellant which were proved we think were not shown to have been made while he was under arrest. Even if so, they were *res gestae.* See Broz v. State, 93 Texas Crim. Rep., 137, 245 S. W. Rep., 707.

The statements by the sheriff and other witnesses that they had tasted the liquor and that it was whisky and was intoxicating were available. Proof that the liquor in question was whisky did not require the testimony of a technical expert. The question was discussed in Cathey's case, No. 7794, not yet reported. See also Black on Intoxicating Liquors, Sec. 520.

The examination of the liquid in the fruit jars and containers in the presence of the jury did not constitute error. The burden was upon the State to prove the nature of the liquid. Its appearance and taste were relevant upon that issue. The identity of the articles was also the subject of proof. See Black on Intoxicating Liquors, Sec. 520; Commonwealth v. Stevens, 142 Mass. 457.

The fact that an automobile answering the description of that found in the possession of the appellant had been seen traveling along the same road and about the same time with a single person occupying it was not irregular and immaterial. It was a circumstance available to the State to establish its theory that the appellant alone was the occupant of the car and that it was in his possession. The bills of exception complaining of this matter are not sufficiently specific to show any error in that they do not give the surrounding facts, but if they be considered in connection with the statement of facts, the evidence, the admission of which complaint is made in them, was, in our opinion, admissble.

Appellant's attorney, according to the bill of exceptions as qualified, stated to the jury "that Charley Cooper was with the appellant and was the driver of the car and that he was in a railroad cut nearby at the time the car was found." Replying to this argument, counsel for the State said "that no witnesses testified that there was no one else present at the time the appellant was seen by the witness Hall." Hall and several other witnesses saw the appellant alone in possession of the automobile. None of them testified to the contrary. We regard the contention that the argument offended against the rule with reference to the failure of the accused to testify as unsound. The qualification of the bill showing that the argument was invited is challenged by the affidavit of appellant's attorney. The affidavit is not available for that purpose. An exception to the qualification is the proper remedy. Thomas v. State, 82 Texas Crim. Rep., 609, 200 S. W. Rep., 402. In the argument, the prosecuting attorney said that appellant claimed that the car belonged to him. The sheriff testified that appellant, after his re-

lease, on bail, claimed the car and took charge of it. The bill as qualified shows that the remark was justified by the record.

We fail to discern any legal ground for reversing the judgment. It is therefore affirmed.

*Affirmed.*

ON REHEARING.

October 24, 1923.

LATTIMORE, JUDGE.—Appellant insists that we erred in holding that the statement of the district attorney complained of in bill of exceptions No. 19 was not necessarily a comment on the failure of the appellant to testify. Said statement was as follows:

"No witness has testified that another person was with the defendant out there when Hall found him on the public road."

The quotation of this in the original opinion is typographically incorrect and for that reason we set it out here.

A revew of the record discloses that appellant was arrested in Rockwall County between Greenville and Dallas and that he was by a Buick roadster heavily loaded with intoxicating liquor. On the trial of the case he placed six witnesses on the stand to show in substance that they knew one Charles Cooper, saw him in Mt. Pleasant, Texas, on the night before appellant's arrest and that he was inquiring for this appellant; that he and appellant were seen together in conversation in Mt. Pleasant that night; that Cooper was heard to invite appellant to go with him to the "big town," apparently meaning Dallas, and that appellant accepted the invitation; that on the morning of this arrest and prior thereto appellant and another man, the latter a heavy set young man, were in Greenville, Texas, in a car, the heavy set man being at the wheel and driving; that this heavy set man was introduced as Charles Cooper, and that the car was a roadster; that appellant said they were going to Dallas; that Cooper was heavy set and young. By witnesses familiar with the location appellant endeavored to show that there was a railroad track not far from the place where he was arrested and that there was a cut through which said track ran, not far distant. The qualifications to the bill of exceptions complaining of this remark of the prosecution, must be accepted by this court as speaking the truth. From same we learn that in his argument to the jury on behalf of appellant, his counsel said:

"One Charley Cooper was the man who was with the defendant in the car at the time Earl Hall found the car on the road, and Charley Cooper was the driver of the car and was in the railroad cut at the time."

To this argument the State's attorney replied in the language objected to. An examination of the record discloses that there was no testimony coming from either Mr. Hall, who found appellant in the road and arrested him, or from any of the young men who presently came up to where appellant and Mr. Hall were standing in the road, which would indicate the presence of any other person around the car or in the railroad cut. We do not think the language used by the State's attorney a necessary comment on the fact that appellant had not taken the witness stand, but on the contrary believe that it appears to be a pertinent answer to the statement made by appellant's attorney, and that the effect of same is merely a statement that there was no testimony supporting the argument of appellant's attorney when he said that Charley Cooper was in the railroad cut.

Being unable to agree with appellant's contention, his motion for rehearing will be overruled.

*Overruled.*