The motion of the state is granted, and the appeal dismissed.

### On the Merits, after Reinstating Appeal.

This appeal was dismissed at the last term of this court because of defective recognizance. A new recognizance has been filed, and the appeal will be reinstated, and the case considered upon its merits.

[2] Appellant was charged by information with vagrancy attributed in the pleading to three causes: First, that he was a male person habitually associated with prostitutes; second, that he habitually loitered in and around a house of prostitution; and third, that he was a person who was able to work, who had no property to support himself, who did not work, and who had no known and visible means of a fair, honest, and reputable livelihood. The court's charge was verbal, and, no exceptions being shown in the record, is supposed to have been acceptable, and the verdict being general must be upheld, if the evidence sufficiently supports any of the three grounds of vagrancy alleged, unless there be reversible error otherwise appearing.

[3] Bills of exception Nos. 1, 6, and 10 evidence complaint of admission of proof that prior to his arrest in this case appellant had been arrested for, and pleaded guilty to, vagrancy. We know of no legal reason for the admission of such testimony. It tended only to prove that the accused had theretofore committed and been convicted for another offense than the one on trial. Such proof in this case falls within none of the rules allowing the introduction of testimony of other offenses. If provable at all, such plea or conviction was of record, and the record evidence should have been presented. Hardeman v. State (Tex. Cr. App.) 252 S. W. 503.

[4] The testimony of the sheriff that he went to the house where he arrested appellant, because the neighbors complained to him of the character of the house, was also inadmissible for any purpose. The statements of the neighbors, or the substance of same, could be but hearsay, and there was no issue involved calling for its admission.

[5] The general reputation of the house as being a house of prostitution, and that of its inmates as being common prostitutes, was admissible under the character of charge laid against appellant. Taylor v. State (Tex. Cr. App.) 250 S. W. 175. See, also, authorities cited under article 500, Vernon's P. C.

[6] The opinion of a witness that, if one had pleaded guilty to vagrancy, he would think her a prostitute, should not have been admitted. Such opinion was competent evidence upon no issue involved, and was admissible for no legal reason so far as we can see.

For errors above mentioned, the judgment of the trial court will be reversed, and the cause remanded.

---

## LATSON v. STATE. (No. 7672.)

(Court of Criminal Apeals of Texas.     June 29, 1923.     Rehearing Denied Oct. 24, 1923.)

**1. Criminal law ⚍1092(11)—Matters of record in case properly used in qualification of bill.**

The court properly qualified a motion to continue to secure the testimony of a witness who would testify that he, and not defendant, owned and was in possession of an automobile containing intoxicating liquor, by stating that after defendant's arrest and discharge on bail, he claimed and took possession of the automobile, and in a sworn motion claimed ownership of the liquor, such matter being a part of the record in the case, and a matter within the judicial knowledge of the court.

**2. Criminal law ⚍939(2)—Fact that absent witness was subpœnaed in compensation cases not available to show diligence.**

Where bill showed that indictment was returned in June, that no request for a subpœna for witness was made until October, at which time a subpœna was issued in a companion case, but no service was had in the present case, the fact that the witness was subpœnaed in the companion case was not available to show diligence, especially in absence of testimony showing that diligence would not have resulted in the discovery of the error in failing to serve the subpœna.

**3. Criminal law ⚍938(1)—Overruling motion for continuance held not abuse of discretion.**

Where indictment was returned in June, but no request for a subpœna for witness was made until October, and, after his arrest and discharge on bail, defendant claimed and took possession of an automobile in which whisky had been found, and claimed ownership of the whisky, the court did not abuse its discretion in denying a motion to continue on the ground that the absent witness would testify that the automobile was his, and that he, and not accused, had been in possession thereof.

**4. Criminal law ⚍1086(14)—Exception necessary to refusal to read requested charge to jury.**

To invoke review of refusal to read requested charge to jury, or refusal to amend original charge in response to the objections addressed thereto, the record must inform the reviewing court that there was exception reserved.

---

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Criminal law ⬥⟹364(1)—Declarations of accused held res gestæ.**

Declarations of accused at the time of arrest tending to show ownership of automobile containing liquor *held* admissible as res gestæ.

**6. Criminal law ⬥⟹459—Nonexpert may testify to nature of liquor.**

Proof that liquor in question was whisky did not require the testimony of a technical expert; testimony of the sheriff and others who tested it being admissible.

**7. Criminal law ⬥⟹404(4)—Examination of liquor in presence of jury not error.**

In prosecution for transportation of intoxicating liquor, examination of liquid in fruit jars and containers in the presence of the jury did not constitute error, the burden being upon the state to prove the nature of the liquid, and its appearance and taste being relevant upon that issue, especially where the identity of the articles was also the subject of proof.

**8. Intoxicating liquors ⬥⟹233(2)—That automobile answering description of that found in possession of accused had been seen with only one passenger held relevant and material.**

In a prosecution for unlawful transportation of intoxicating liquor, where defendant, who was found near an automobile, claimed that he was not in possession thereof, but was only a guest in the car, the fact that an automobile, answering the description of that found in the possession of the accused, had been seen traveling along the same road at about the same time with a single person occupying it, was admissible.

**9. Criminal law ⬥⟹1091(4)—Bills of exceptions to admission of evidence should show surrounding facts.**

Bills of exceptions complaining of admission of evidence *held* not sufficiently specific to show any error, in that they did not give the surrounding facts.

**10. Criminal law ⬥⟹1092(11)—Exceptions to qualification to bill and not affidavit proper remedy.**

An exception to the qualification of a bill of exceptions is the proper remedy, and not an affidavit of accused's attorney.

**11. Criminal law ⬥⟹719(1)—Remark of prosecuting attorney held justified by evidence.**

Where sheriff testified that accused, after his release on bail, claimed a car in which liquor had been found, and took charge of it, a remark of the prosecuting attorney in argument that accused claimed that the car belonged to him was justified by the record.

On Motion for Rehearing.

**12. Criminal law ⬥⟹721(6)—Argument of prosecuting attorney held not comment on defendant's failure to testify.**

Where accused's counsel in argument stated that one C. was the man who was with the accused in the car at the time witness found the car on the road, and was the driver of the car, and was in a railroad cut at the time, the state-ment of the prosecuting attorney in argument, "no witness has testified that another person was with the defendant out there when H. found him on the public road," was in answer to the argument of accused's counsel, and was not subject to the objection that it was a comment on the fact that accused had not taken the witness stand.

Appeal from District Court, Rockwall County; Joel R. Bond, Judge.

F. H. Latson was convicted of unlawful transportation of intoxicating liquor, and appeals. Affirmed.

H. M. Wade, of Rockwall, and J. F. Wilkinson and J. A. Ward, both of Mt. Pleasant, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

On the 27th day of November, appellant was arrested. He was observed on the public road near a Buick roadster automobile, which was standing on the road, and which was apparently in possession of the appellant. No one else was present, and he did not at the time indicate that the automobile belonged to or was under the control of any other person. The sheriff, without disclosing his identity, had a short conversation with appellant before his arrest. In this conversation, appellant said that he had had a "puncture," but needed no help; also that he had a drink of whisky, but did not have a load. When the sheriff revealed his identity, the appellant started to get in the car. The sheriff insisted on inspecting the contents of the car and found a number of gallons of whisky. Other persons came upon the scene, and one of them (Burton) drove the Buick roadster to Rockwall at the request of the sheriff. The appellant was released on bail the next day, and on his release took possession of the automobile. When discovered, the curtains on the car were up. The road on which the arrest was made ran from Dallas to Greenville, Tex., and persons living near the road testified to having, on the same morning, seen a car of the same description traveling on the road in the direction of the place at which appellant and the sheriff met. But one person was seen in the car. Witnesses on behalf of appellant testified that, about the day before the arrest, inquiry had been made for the appellant by one Charley Cooper; also that the appellant and Cooper, about that date, were seen talking together, and that Cooper had suggested to appellant that he accompany him to Dallas. Testimony was also introduced to the effect that a man answering the description of Cooper

was seen at Greenville on the morning on which the arrest was made, and that he and the appellant were at the time in an automobile together.

A motion to continue was made to secure the testimony of Charley Cooper. Subpœna for said witness had been requested on October 19th, though no service had been had. At the same time a subpœna was issued in a companion case for the same witness, which was served. According to the motion, the appellant expected to prove by Cooper that the car and the whisky were under his control, and that appellant had no interest in them; that appellant was in the car solely as the guest of Cooper, in response to an invitation extended on the day before the arrest. From the qualification of the bill it appears that the indictment was returned in June; that no request for a subpœna was made until October, and then it was not made under oath; that after his arrest and discharge on bail, appellant claimed and took possession of the car, and, in a sworn motion, claimed ownership of the whisky.

[1-3] In another bill, appellant challenges the right of the court to embrace the matters mentioned in the qualification of the bill, particularly that relating to the motion to repossess the whisky. This apparently was a part of the record in the case, and a matter within the judicial knowledge of the court. See C. C. P. article 929; Dunn v. State, 92 Tex. Cr. R. 131, 242 S. W. 1049; Miller v. State, 92 Tex. Cr. R. 259, 242 S. W. 1040. The repossession of the automobile appears from the evidence. The fact that the witness Cooper was subpœnaed in the companion cases was not available to show diligence. Roberts v. State, 89 Tex. Cr. R. 454, 231 S. W. 759. Particularly is this true in the absence of testimony showing that diligence would not have resulted in the discovery of the error in failing to serve the subpœna at a time when it could be corrected. The delay in issuing process for Cooper from June to October is a circumstance bearing both on the question of diligence and upon the probable truth of the alleged testimony of the absent witness. The fact that Cooper would have given testimony of his own guilt of the offense charged against appellant or that by delay he could have been produced as a witness is not so pertinent as to justify the conclusion that in overruling the motion the court abused his discretion. The motion for new trial was supported by no affidavits fortifying the motion for a continuance.

[4, 5] To invoke a review of the action of the trial court in refusing to read to the jury a requested charge or in refusing to amend his original charge in response to the objections addressed thereto, the record must be so shaped that it will inform this court that there was exception reserved to the action of the court. See Linder v. State (Tex. Cr. App.) 250 S. W. 703, and cases therein referred to. Several assignments in the instant case are based upon the refusal of special charges and the refusal to amend the main charge. It is not made to appear that any exceptions were reserved to the court's action. The declarations of the appellant, which were proved, we think were not shown to have been made while he was under arrest. Even if so, they were res gestae. See Brog v. State, 93 Tex. Cr. R. 137, 245 S. W. 707.

[6] The statements by the sheriff and other witnesses that they had tasted the liquor, and that it was whisky, and was intoxicating were available. Proof that the liquor in question was whisky did not require the testimony of a technical expert. The question was discussed in Cathey's Case (No. 7794) 252 S. W. 534, not yet [officially] reported. See, also, Black on Intoxicating Liquors, § 520.

[7] The examination of the liquid in the fruit jars and the containers in the presence of the jury did not constitute error. The burden was upon the state to prove the nature of the liquid. Its appearance and taste were relevant upon that issue. The identity of the articles was also the subject of proof. See Black on Intoxicating Liquors, § 520; Commonwealth v. Stevens, 142 Mass. 457, 8 N. E. 344.

[8, 9] The fact that an automobile answering the description of that found in the possession of the appellant had been seen traveling along the same road and about the same time with a single person occupying it was not irrelevant and immaterial. It was a circumstance available to the state to establish its theory that the appellant alone was the occupant of the car, and that it was in his possession. The bills of exception complaining of this matter are not sufficiently specific to show any error, in that they do not give the surrounding facts, but if they be considered in connection with the statement of facts, the evidence, of the admission of which complaint is made in them, was, in our opinion, admissible.

[10, 11] Appellant's attorney, according to the bill of exceptions as qualified, stated to the jury "that Charley Cooper was with the appellant, and was the driver of the car, and that he was in a railroad cut nearby at the time the car was found." Replying to this argument, counsel for the state said "that no witnesses testified that there was no one else present at the time that the appellant was seen by the witness Hall." Hall and several other witnesses saw the appellant alone in possession of the automobile. None of them testified to the contrary. We regard the contention that the argument offended against the rule with reference to the failure of the accused to testify as unsound. The

qualification of the bill showing that the argument was invited is challenged by the affidavit of appellant's attorney. The affidavit is not available for that purpose. An exception to the qualification is the proper remedy. Thomas v. State, 82 Tex. Cr. R. 609, 200 S. W. 402. In the argument, the prosecuting attorney said that appellant claimed that the car belonged to him. The sheriff testified that appellant, after his release, on bail, claimed the car, and took charge of it. The bill as qualified shows that the remark was justified by the record.

We fail to discern any legal ground for reversing the judgment. It is therefore affirmed.

### On Motion for Rehearing.

LATTIMORE, J. [12] Appellant insists that we erred in holding that the statement of the district attorney complained of in bill of exceptions No. 19 was not necessarily a comment on the failure of the appellant to testify. Said statement was as follows:

"No witness has testified that another person was with the defendant out there when Hall found him on the public road."

The quotation of this in the original opinion is typographically incorrect, and for that reason we set it out here.

A review of the record discloses that appellant was arrested in Rockwall county between Greenville and Dallas, and that he was by a Buick roadster heavily loaded with intoxicating liquor. On the trial of the case he placed six witnesses on the stand to show in substance that they knew one Charles Cooper saw him in Mt. Pleasant, Tex., on the night before appellant's arrest, and that he was inquiring for this appellant; that he and appellant were seen together in conversation in Mt. Pleasant that night; that Cooper was heard to invite appellant to go with him to the "big town," apparently meaning Dallas, and that appellant accepted the invitation; that on the morning of this arrest and prior thereto appellant and another man, the latter a heavy-set young man, were in Greenville, Tex., in a car, the heavy-set man being at the wheel and driving; that this heavy-set man was introduced as Charles Cooper, and that the car was a roadster; that appellant said they were going to Dallas; that Cooper was heavy set and young. By witnesses familiar with the location appellant endeavored to show that there was a railroad track not far from the place where he was arrested, and that there was a cut through which said track ran, not far distant. The qualifications to the bill of exceptions, complaining of this remark of the prosecution, must be accepted by this court as speaking the truth. From same we learn that in his argument to the jury on behalf of appellant, his counsel said:

"One Charley Cooper was the man who was with the defendant in the car at the time Earl Hall found the car on the road, and Charley Cooper was the driver of the car, and was in the railroad cut at the time."

To this argument the state's attorney replied in the language objected to. An examination of the record discloses that there was no testimony coming from either Mr. Hall, who found appellant in the road and arrested him, or from any of the young men who presently came up to where appellant and Mr. Hall were standing in the road, which would indicate the presence of any other person around the car or in the railroad cut. We do not think the language used by the state's attorney a necessary comment on the fact that appellant had not taken the witness stand, but on the contrary believe that it appears to be a pertinent answer to the statement made by appellant's attorney, and that the effect of same is merely a statement that there was no testimony supporting the argument of appellant's attorney when he said that Charley Cooper was in the railroad cut.

Being unable to agree with appellant's contention, his motion for rehearing will be overruled.