## W. N. Garriott v. The State.

No. 17154.   Delivered January 23, 1935.
Rehearing Denied February 27, 1935.

The opinion states the case.

*Minton & Minton,* of Hemphill, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment in substance that appellant, with malice aforethought, killed L. H. Russell by shooting him with a gun.

The citizens of Bronson had organized a committe for the purpose of employing a peace officer. Deceased was president of the committee and appellant a member thereof. At one time appellant had been constable of the precinct in which Bronson was situated but had resigned. Shortly before the

homicide he had made application for reappointment. It appears that deceased was not in favor of his reappointment. On the 12th of April, 1934, appellant went to the place of business of deceased and shot him five times. According to appellant's version, it was his purpose in going to the store to ask deceased to call a meeting of the committee. He testified that deceased said: "We are the board and I am president. Why should we worry?" He then asked deceased to call a meeting of the committee, as he wanted to resign, and deceased replied that he would. He turned to walk out, saying to deceased: "Mr. Russell, what have I done to you? You have been on my bond twice." Deceased replied: "You s— of—a—b—, you was a failure as an officer." He then said to deceased: "You are a damn liar." Deceased secured a pistol and snapped it but it failed to fire. He shot deceased through the left hand. Deceased again attempted to fire the pistol at him and he fired four other shots.

The State had no eye-witnesses to the transaction, as appellant and deceased were alone at the time of the homicide. Witnesses who went to the store immediately after the homicide found deceased lying on the floor behind a counter, in a dying condition. There was a pistol on the floor about three and one-half feet from him. The pistol had not been fired and was not cocked. Two of the cartridges had small dents on the rims. There were five wounds on deceased, one in the left wrist, which entered from the outside, one wound through the thigh, and three other wounds in the front part of the body, all apparently having been fired from the left to the right at an angle of about 45 degrees.

Appellant testified that he was carrying the pistol he used for the purpose of returning it to the man from whom he had contemplated purchasing it, and that he did not carry it to the store for the purpose of having a difficulty with deceased.

We are unable to reach the conclusion that appellant's contention that the evidence is insufficient to support the conviction should be sustained.

Appellant sought to have the jury instructed to the effect that he had a right to arm himself and seek an explanation from deceased as to derogatory remarks deceased had made concerning him. Appellant did not contend that he went to deceased's place of business for the purpose of having him explain derogatory statements he had made concerning him. He testified that he went to deceased to request him to call a meeting of the committee. It might be added that the court did not

limit appellant's right of self-defense by a charge on provoking the difficulty or otherwise. Under the circumstances, it was not error to refuse to charge on appellant's right to arm himself and seek an explanation. Sec. 1950, Branch's Annotated Penal Code; Williford v. State, 42 S. W., 972.

Appellant contends that the court should have charged the provisions of art. 1223, P. C. Appellant interposed no exception to the charge of the court for its failure to instruct upon said article, and presented no requested instruction. Art. 658, C. C. P., reads in part as follows: "Before said charge is read to the Jury, the defendant or his counsel shall have a reasonble time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection."

See Williams v. State, 48 S. W. (2d) 304.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's courteous motion for rehearing consists of a review of his own testimony, and argument based chiefly thereon, to the effect that the verdict is against the weight of the testimony. We have carefully gone over all the facts and are not able to agree with the contention.

The jury are the exclusive judges of the facts proven and of the credibility of the witnesses. They can accept in whole or in part, or reject all of the testimony of any wtiness, and this is especially true of the accused. Attention need not be called to the weighty motives liable to influence the testimony of any man charged with crime, who becomes a witness in his own behalf. There was evidence before this jury that the day before the killing a committee of citizens of Bronson went to Hemphill, the county seat of Sabine County, to protest the appointment of appellant as constable of the Bronson precinct. Deceased was to be spokesman of the group. The appellant's name as an applicant was withdrawn. That same day, if we understand it, appellant said that deceased had done him a dirty trick. The next day he put a pistol in his pocket and went to the store of deceased. Another man was there. Ap-

pellant waited until the other man was gone. He fired five shots into the body of deceased, who was behind his counter near his cash drawer in which he kept a pistol. This pistol was found on the floor near the body by the first person who entered the store after the shooting. None of its cartridges had been fired. Slight dents in the cartridges furnished ground for appellant's claim and testimony that deceased had snapped the pistol at him, but the man who first examined said pistol cartridges testified that the dented ones were not under the hammer. No other person was in the store at the time of the shooting save the two men. The jury were within their discretion in rejecting the testimony of appellant and in rendering the verdict brought in by them.

The motion for rehearing is overruled.

*Overruled.*