## CASS HONEY v. THE STATE.

No. 18434.   Delivered January 20, 1937.
Rehearing Denied March 10, 1937.

The opinion states the case.

*J. A. Kibler,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for two years.

The appellant and Alvin Smith were jointly charged, tried and convicted of the offense mentioned and their punishment assssed as stated above. However, their appeals have been prosecuted separately.

The injured party, Vernon Smith, and the sister of the appellant were attempting to slip away from home to get married. They had made arrangements whereby they would go to town for that purpose. Smith had secured the aid and assistance of

parties by the names of Roberts and Parker to accompany them. They drove near the home of the fiance. She came out to the highway and attempted to get in the car and to place therein some personal effects. About this time the appellant and Alvin Smith (brother of the injured party and also brother-in-law of appellant) opened fire upon the car and its occupants. Some six shots were fired at and into the car. Appellant fired four of these shots. Some of the shots took effect by striking the car and the windshield, others hit the spokes of one of the wheels, and one shot punctured the tire of one of the back wheels, as a result of which the car stopped. A difficulty ensued in which the appellant and Alvin Smith made an attack upon the parties in the car.

The conviction is for assault with intent to murder in the shooting at and into the car in which Vernon Smith was an occupant. It does not involve a prosecution for assault with intent to murder the other parties. The fact that the shots were fired at and into the car and without justification or excuse, was sufficient to meet the legal requirements of the law and to authorize a conviction. See Shoffitt v. State, 82 S. W. (2d) 379; Catlett v. State, 75 Texas Crim. Rep., 9.

It is the appellant's contention that he thought the men in the car were kidnapping his sister; that he had no intention of inflicting any injury whatsoever upon them; that he fired the shots for the purpose of stopping them from what appeared to him to be an effort to abduct his sister and to carry her away from home. The injured party and the sister did subsequently, on the same day, marry, and they were married at the time of the trial of the case.

Appellant filed an application for a suspended sentence. He testified in support thereof that he had never been convicted of a felony. He was asked if he knew his general reputation in the community where he lived for being a peaceable and law-abiding citizen. He replied that he did not. He admitted numerous specific acts of violence, a charge of aggravated assault and several fightings. He testified that he did not know how many times he had been charged in different courts, stating that he could not keep up with them. These specific acts of violence and misconduct on the part of the appellant were admitted without objection. Therefore the question as to the admissibility thereof is not before this court.

No exceptions or objections were reserved to the charge of the court. As stated above, it appears that the appellant and Alvin Smith were jointly tried. However, the statement

of facts heretofore related is the State's case and the defensive theory offered by the appellant in the present instance. But the codefendant, Alvin Smith, also testified as a witness in the case.

In Bill of Exception No. 1 appellant complains that the jury were guilty of misconduct in that during their deliberation one of them used the following language:

"You know the reputation of these men, and you can tell from the way they act they think that because they got out of other things they can get out of this."

There is nothing in the bill showing that appellant claimed that this was an unwarranted statement or that it pertained to matters of facts not in evidence. Insofar as the bill of exception is concerned, the matter is presented only as a statement of one of the jurors without any certificate or showing in the bill that it was not legitimate or proper. It is also stated in the bill of exception that evidence was heard on the motion for new trial. This evidence has not been brought forward. Therefore, the presumption must prevail that the trial court correctly ruled in the matter. We will add that all of the testimony of the appellant himself shows what his reputation was. Proof of his specific acts of misconduct were in evidence and were matters for the consideration of the jury. Consequently the bill of exception fails to reflect reversible error.

Bill of Exception No. 2 is in question and answer form, without any certificate of the trial judge as to the necessity therefor. It is therefore not sufficient to warrant consideration. Even if it were considered, it relates to a matter which appears to be wholly irrelevant to the case on trial.

Bill of Exception No. 4 complains because the State was permitted to prove by the appellant on cross-examination that even upon the trial of the case he was not sorry that he had shot into the car. This proof was admissible upon the appellant's defensive theory of non-intent to kill. It tended to show the state of mind of the appellant and was against his defensive theories.

Bill of Exception No. 5 complains of the argument of counsel. There is nothing in the bill showing that the argument was harmful.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The only complaint made by appel-

lant in his motion for rehearing is that it was error for the court below to refuse his special charge No. 3, the substance of which was that unless the jury believed beyond a reasonable doubt that appellant made the assault with intent to murder Vernon Smith, they should find him not guilty. We think this was substantially told the jury in the court's charge given where he told the jury as follows:

"If you believe from the evidence that the defendant is guilty of an assault, but have a reasonable doubt as to whether such assault was with intent to murder, * * * you will acquit him of that offense."

This appears to us to be a clear instruction to the jury that if they entertained a reasonable doubt as to whether appellant was guilty of an assault with intent to murder Vernon Smith, they could not convict this appellant of that offense, which is what they did. We also note that throughout the charge the trial court applied the doctrine of reasonable doubt to the question of the sufficiency of the testimony to show appellant guilty of the offense of assault to murder.

Not being able to agree with appellant, the motion for rehearing is overruled.

*Overruled.*