## E. H. BOAZ v. THE STATE.

No. 21657. Delivered June 25, 1941.
Motion for Rehearing Denied (Without Written Opinion) November 5, 1941.

The opinion states the case.

*Clem Calhoun,* of Amarillo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Under an indictment charging that appellant assaulted W. C. Anderson with intent to murder him with malice, he was convicted of such assault without malice and his punishment assessed at confinement in the penitentiary for a term of two years.

The sufficiency of the evidence to authorize the conviction presents the only question for review.

According to the State's testimony, W. C. Anderson, Sheriff of Hall County, pursuant to a telephone call from others living in the neighborhood of appellant, went to appellant's home. Hume, a policeman, accompanied him. They approached the

house, and, as they stepped onto the porch, the light thereon flashed on. The remainder of the house was dark. As Anderson was about to knock, appellant with a rifle in his hand, appeared at the door. Anderson said to him, "I want to talk to you, Doc;" whereupon appellant pushed back the screen door and opened fire, firing three shots—one at Anderson, the others at Hume. The bullet shot at Anderson passed through his clothing, without entering the body, but "just left a kind of blood blister" on the skin. Hume was not hit. Anderson attempted to return the fire but his gun jammed. Hume returned the fire, firing two shots from a .38 calibre pistol, without hitting appellant.

Appellant, testifying as a witness in his own behalf, denied that he had a gun in his hand, or that he fired a shot. He said that, as he opened the door, a shot was fired; that Anderson fell off the porch; and that he saw Hume fire two shots at Anderson, aimed at his stomach.

Appellant claimed that the physical facts—the range and lodgment of the bullets—corroborated his theory and showed that he did not fire the shots as claimed.

Disputed issues of fact are for the jury, and their findings will not be disturbed upon appeal. The State's testimony amply authorized the jury's conclusion of guilt. Shoffitt v. State 82 S. W. (2d) 379, 128 Texas Crim. Rep., 486; Honey v. State, 102 S. W. (2d) 224; 132 Texas Crim. Rep., 98; Catlett v. State, 169 S. W. 673, 75 Tex. Cr. R. 9.

There appear in the record some special charges seeking to have certain argument of State's counsel withdrawn from the jury's consideration. No exception was reserved to the action of the trial court in refusing to submit the charges. Such charges are, therefore, not subject to be considered.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.