HOWARD J. ELDREDGE V. STATE

No. 27,707. November 2, 1955
Rehearing Denied December 14, 1955

*Hood & Hood,* Borger, for appellant.

*Bill Waters,* District Attorney, Pampa, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for rape and assessed a term of 40 years in the penitentiary. The victim was his 15-year-old daughter.

According to the testimony of the daughter, appellant had intercourse with her without her consent and against her will, after commanding her to stop the car on a country road. She further testified that he was drinking and threatened to kill her if she said anything.

Appellant's confession was offered in evidence without objection, in which he admitted having intercourse with the daugher on the occasion in question.

On cross-examination of the daughter, it was shown that appellant had on a number of prior occasions, over a period of a year or two, had intercourse with her. The state, on re-direct, showed by the witness that the prior acts were without her consent and against her will and that her father had struck her on some of the previous occasions.

In the confession offered by the state, appellant stated that about two years ago he "started messing" with his daughter, and imagined he had had intercourse with her about twelve times in a period of two years.

Appellant complains of the court's charge (1) because he says it did not properly charge on the degree of resistance on the part of the prosecutrix; (2) because it did not submit the affirmative defense as to prior intercourse between the two, and (3) because it failed to specifically instruct and charge the jury that they could only consider the act of intercourse on the night of December 25, 1954, in reaching their verdict.

Neither of the questions is properly before us for consideration.

The transcript shows that appellant complained of the court's charge in certain of the particulars mentioned, and that the objections were overruled by the court. However, it is not shown that appellant reserved any exception to the court's ruling.

To invoke a review of a refusal to amend the main charge, in response to objections thereto, the record must show that an exception was reserved. Anderson v. State, 95 Texas Cr. R. 346, 254 S.W. 986; Latson v. State, 95 Texas Cr. R. 502, 254 S.W. 982; 4 Texas Jur., Appeal and Error Criminal Cases, Sections 63, 137 and 160.

The record further shows that appellant requested three special charges which were refused, but no exception was reserved to such action of the court.

In the absence of a timely exception, verified by the trial judge, the refusal of the requested charge is not reversible error. Atkins v. State, 149 Texas Cr. R. 408, 195 S.W. 2d 143; Boaz v. State, 142 Texas Cr. R. 550, 154 S.W. 2d 849; Spivey v. State, 144 Texas Cr. R. 432, 164 S.W. 2d 668; 4 Texas Jur. 225, Appeal and Error Criminal Cases, Sec. 161.

The remaining claim of error is addressed to argument of counsel for the state. There is no bill of exception and no effort appears to have been made to reserve the error in the statement of facts, under the recent amendment of Art. 759(a) V.A.C.C.P.

Nothing is therefore presented for review.

We find the evidence sufficient to sustain the conviction.

The judgment is affirmed.

## ON MOTION FOR REHEARING

DICE, Judge.

Appellant insists that we erred in refusing to consider his complaints of the court's charge because it was the duty of the court to instruct the jury on every essential question in the case whether requested or not.

Art. 658, V.A.C.C.P., in placing the duty upon the trial judge to deliver a written charge to the jury in a criminal case, provides in part as follows:

"In each felony case and in each misdemeanor case tried in a court of record, the Judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case. * * * Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection."

It is further provided in Art. 659, V.A.C.C.P.:

"Before the court reads his charge to the jury, counsel on both sides shall have a reasonable time to present written instructions and ask that they be given to the jury."

Art. 666, V.A.C.C.P., further provides:

"All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

In applying the provisions of these statutes, it has been the consistent holding of this court since the amendment to Art. 658, supra, in 1913, that complaint of a charge will not be considered on appeal in the absence of a proper objection made in the trial court or the submission of a requested charge covering the matter of which complaint is made. Gerard v. State, 91 Texas Cr. R. 374, 238 S.W. 924; Garriott v. State, 128 Texas Cr. R. 103, 79 S.W. 2d 848; Jones v. State, 149 Texas Cr. R. 441, 195 S.W. 2d 349; Woods v. State, 152 Texas Cr. R. 525, 215 S.W. 2d 334; May v. State, 160 Texas Cr. R. 582, 272 S.W. 2d 886; Robbins v. State, 161 Texas Cr. R. 96, 274 S.W. 2d 691.

Under the authorities cited in our original opinion, the action of the court in overruling the objections to the charge and

refusal of the requested charges cannot be considered in the absence of a showing in the record that an exception was reserved to the court's ruling.

The motion for rehearing is overruled.

Opinion approved by the court.