JESSIE LEE SIMMONS V. STATE.

No. 24330. April 13, 1949.

*Doyle Pevehouse,* Corsicana, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with a violation of the liquor laws of Navarro County and by the jury awarded a penalty of 30 days in jail, and he appeals.

The state alleged and proved the adoption of a law in 1911 in such county prohibiting the sale of intoxicating liquors in Navarro County by presenting the order of the commissioners' court calling such election, their meeting thereafter declaring the result, the passing of their order prohibiting such sale, and the publication thereof in a newspaper for four weeks as provided by the law in effect at such time.

Bill of Exception No. 2 complains because it is therein alleged that no affidavit appears in the record relative to the publication of the prohibitory order of the commissioners' court regarding the sale of liquor in some newspaper. We do not find in the record a certificate of the then County Judge, J. M. Blanding, that a certain order present in this record, found in Volume 7, page 507, of the Commissioners' Court Minutes, was published for four successive weeks in the Semi-Weekly Light, a newspaper published in Navarro County. We then turn to such order in Volume 7, p. 507, of such records and find same to contain a statement relative to the calling of the election, to the canvassing of the returns, a declaration of the result, an order prohibiting the sale of intoxicating liquor in such county, and designating the Semi-Weekly Light, as the newspaper in which such order was to be published. We think this proceeding followed the law as set forth under the title of Local Option, as found in Article 5715, et seq., R. S. 1911.

Bill No. 3 complains because of a remark of the county attorney in addressing the jury wherein he designated the defendant as "a fugitive from justice." The qualification of the bill shows that such remark arose while the attorney was discussing appellant's failure to appear at a previous term of the court when his case was called. It is shown in such qualification that the trial court sustained such objection. To this qualification appellant excepted, but failed to have his exception noted above the signature of the trial court. We see no error shown. See 4 Tex. Jur. p. 280, sec. 195, and cases there cited.

The remaining bills are directed to an effort to have the trial court submit to the jury alleged irregularities in the 1911 election about which appellant attempted to show certain failure to follow the law relative to such election. We confess that we are unable to find where there is any proof that would remotely show a failure to publish the order of September 16, 1911, prohibiting such sales; such was plainly shown by the record, and no contest thereof shown or offered. The trial court should not have been called upon to charge upon an uncontested portion of the testimony not challenged in any manner. There was no fact to be found by the jury.

The affidavit of the publisher of the Semi-Weekly Light was not present in the record, but the certificate of the county judge is present, stating that such publication was had for four successive weeks, giving the dates thereof. The point at issue in this bill resolves itself into whether the certificate of the

county judge showing such publication for the required four weeks can be utilized as proof of such publication. We think so. While the affidavit of the publisher of the newspaper would have shown such, we also think that Judge Blanding's certificate also shows this publication. See Art. 5722, R. S., 1911, a portion of which reads as follows:

"The fact of publication in either mode shall be entered by the county judge on the minutes of the commissioners' court. And entry thus made, or a copy thereof certified under the hand and seal of the clerk of the county court, shall be held sufficient prima facie evidence of such fact of publication."

Appellant's remaining bills, save No. 1, are qualified by the trial court. In each instance, appellant attempted to except to such qualification, but such exception appears below the signature of the trial judge and is therefore not considered by us. We see no error shown in such bills as signed by the judge.

The first bill herein relates to a question propounded to the foreman of the jury in the hearing of the motion for a new trial, wherein he was asked the following question: "You believe the testimony of a white man in preference to that of a negro, don't you?" Upon an objection on the part of the state which was sustained, appellant excepted. This was after the verdict was rendered and would doubtless have been a material question upon the voir dire examination of the juror, but we think such matter came too late and was an endeavor to allow the juror to impeach his verdict.

We think this cause was properly tried, and the judgment will therefore be affirmed.