LOUIS SOLOMON V. STATE

No. 27,906. January 11, 1956

*Roy Joe Stevens* and *Clem Calhoun,* by *Roy Joe Stevens,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of driving while intoxicated and assessed punishment of five days in jail and a fine of $100.00.

The evidence shows that two city officers observed the appellant driving a pickup truck on a street in the city of Abilene around midnight. Upon pursuing the pickup for several blocks, they arrested the appellant after he had driven to and stopped at his place of business.

According to the officers, the appellant's pickup was weaving across the traffic lanes of the streets, and during the pursuit, he ran a red blinker light and failed to stop when they turned on their red light and siren; that they were unable to drive their car alongside the appellant because of the weaving of the pickup. Both officers testified that after appellant stopped and got out of the pickup, he staggered and they could smell alcohol on his breath. They expressed the opinion that he was under the influence of intoxicating liquor at the time.

Appellant denied that he was intoxicated on the night in question and offered witnesses who testified that they had seen him between 10:00 P.M. and shortly before midnight and expressed their opinions that he was not intoxicated at the time. He also offered witnesses who testified that his reputation for being a peaceable and law-abiding citizen and for truth and veracity was good.

Appellant insists that the court erred in permitting the state, upon pleading surprise, to impeach its witness, Mrs. Nell Groene, by showing that after the appellant's arrest, she had told the officers at the police station that before she and appellant left the V.F.W. Club, she told him that she did not think he was in a condition to take her home and she didn't want him to take her home.

Mrs. Groene, who was a passenger in the pickup at the time of the appellant's arrest, upon being called as a witness for the state, testified that she had been with him from around 9:30 P.M. on the night in question; that they had stopped at three places where he serviced some music machines; that the last place at which they stopped was the V.F.W. Club where appellant drank two beers. In answer to an inquiry by state's counsel as to her opinion of the appellant's sobriety, she testified that she did not think he was drunk or under the influence of intoxicating liquor.

Under the record we perceive no error in the court permitting the state to impeach the witness upon her denial of having made the statement. Her testimony on direct examination that she did no think that appellant was drunk was on a vital issue in the case and was both injurious and damaging to the state's case.

Article 732, V.A.C.C.P. provides:

"The rule that a party introducing a witness shall not attack his testimony is so far modified as that any party, when facts stated by the witness are injurious to his cause, may attack his testimony in other manner, except by proving the bad character of the witness."

In construing this statute, it has been held that the state may impeach its own witness where the witness testifies to either affirmative or negative facts injurious to its case. Branch's Ann. Texas P.C., p. 95, sec. 164; Somerville v. State, 6 Texas App. 433; Jacques v. State, 100 Texas Cr. R. 523, 272 S.W. 205; Calderera v. State, 122 Texas Cr. R. 46, 53 S.W. 2d 485.

We think that the state's attorney was shown to have reasonable grounds to believe that the witness would give incriminating evidence against the appellant and was therefore in a position to plead surprise.

The cases cited by the appellant are not controlling here because in those cases the impeachment was on a collateral matter or where the witness had not given affirmative or harmful testimony which was injurious to the state's case.

By Bill of Exception No. 4 appellant insists that the court, in overruling his objection to the impeaching testimony, commented upon the credibility of the witness, Mrs. Nell Groene,

and the weight to be given her testimony in violation of Art. 707, V.A.C.C.P. In overruling the objection the record reflects the following statements made by the court and appellant's counsel:

"THE COURT: Go ahead. Overruled. The State is introducing this testimony merely for the purpose of impeachment, that is all.

\* \* \* \*

"THE COURT: The Jury is instructed that this testimony will be considered for the sole purpose of testing the credibility of the witness, Mrs. Groene.

"MR. ASH: And we object to the remarks made by the Court as being a comment on the weight and credibility of the witness, the State's witness, Mrs. Groene.

"THE COURT: You are objecting because of the aspersions cast?

"MR. ASH: Yes, sir, we have already objected, your Honor.

"THE COURT: Overruled.

"MR. ASH: Note our exception."

We do not construe the court's remarks as an expression of his opinion relative to the credibility of the witness, Mrs. Nell Groene, but merely shows his intention to instruct the jury that they could only consider the testimony in testing her credibility. Such instruction was in effect limiting the purpose of the testimony and was favorable to the appellant.

In Rodgers v. State, 91 Texas Cr. R. 38, 236 S.W. 748, the statement of the court, "I will overrule the objection, it goes to the credibility of the witness," in overruling the objection to impeaching testimony, was held not to be construed as a comment by the court on the weight of the testimony.

Bill of Exception No. 5, which complains of the refusal of the court to permit the appellant to inquire of his character witnesses as to their opinion of his general reputation for sobriety, is incomplete in that it fails to show what the answers of the witnesses would have been and therefore does not show error. Meyer v. State, 160 Texas Cr. R. 521, 276 S.W. 2d 286; Beeler v. State, 161 Texas Cr. R. 318, 277 S.W. 2d 119.

Finding the evidence sufficient to support the conviction,

and no reversible error appearing in the record, the judgment is affirmed.

Opinion approved by the court.