## ALFRED MOORE V. STATE

No. 28,632. November 28, 1956.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, 15 years.

Officer Stringfellow of the Narcotic Division of the Houston Police Department testified, outside the hearing of the jury and on the question of the legality of the arrest, that his division received information shortly after noon on the day in question that certain persons in an automobile with a certain license number had made a purchase of some narcotics and were on their way to the Texas Rose Hotel; that he and officer Gray proceeded at once to such hotel and waited until such automobile arrived. He stated that the appellant was seated in the front seat on the right; and, after the automobile had come to a halt and before the occupants observed him or Gray, all three of

them proceeded to light cigarettes which were rolled smaller than regular cigarettes and which looked like marijuana cigarettes he had seen before. He testified two of the other occupants of the automobile got their cigarettes lighted and he smelled the distinctive odor of marijuana. He stated further that he and Gray rushed to the automobile and that he reached for the cigarette in appellant's mouth which the appellant was preparing to light; the appellant immediately put the entire cigarette in his mouth; the appellant grabbed his arm, and a tussle ensued. He testified further that officer Gray came to his rescue and hit the appellant, and at some stage of the struggle the appellant spit out the cigarette and he picked it up from the floorboard of the automobile.

A portion of this preceding testimony was reproduced in the hearing of the jury, and the cigarette which came from the appellant's mouth was shown by the testimony of a chemist to be marijuana.

Officer Gray corroborated Stringfellow's testimony.

The appellant did not testify in his own behalf, but offered his wife who stated that the appellant had sustained certain injuries when he was released from jail.

At the close of the case, the appellant offered in evidence the entire testimony given by officers Stringfellow and Gray at his examining trial.

We find the evidence sufficient to support the conviction and shall discuss the contentions advanced by appellant in his brief.

His principal contention is based upon the legality of the arrest and incident search of the appellant. Having offered the testimony of the two officers given at the examining trial, which was practically identical to their testimony at the trial, the appellant waived any objection he may have theretofore reserved to portions of their testimony.

Appellant next complains of the overruling of a motion for continuance based upon the absence of certain witnesses whose address he did not know.

No motion for new trial appears in the record, and we find nowhere in the record an affidavit of the missing witness. In

654

Morris v. State, 158 Tex. Cr. Rep. 516, 251 S.W. 2d 731, 733, in discussing a motion for new trial, we said:

"The motion should have had the affidavit of the missing witness or a showing, under oath, from some other source that the witness would have actually testified to such facts."

Without satisfactory proof to the contrary, the trial court might reasonably conclude that the witness would not have so testified. See also Belrose v. State, 156 Texas Cr. Rep. 322, 242 S.W. 2d 378.

We find a requested charge in the record but fail to find any exception to the action of the court in refusing to grant such charge, hence nothing is presented for review. Blackmon v. State, 95 Tex. Cr. Rep. 116, 252 S.W. 803, and Driver v. State, 105 Tex. Cr. Rep. 29, 285 S.W. 312.

Finding no reversible error, the judgment of the trial court is affirmed.