ANDREW NICHOLS V. STATE

No. 29,237. November 6, 1957.
Appellant's Motion to Reinstate Appeal Granted
January 8, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 19, 1958.

*Gloria K. Bradford,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Frederick W. Robinson,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is aggravated assault; the punishment, three months in jail and a fine of $100.

It appears from the transcript that appellant is enlarged upon a recognizance on appeal entered into on February 29, 1957, whereas notice of appeal was not given until March 29, 1957.

A recognizance entered into before notice of appeal is given is not sufficient to confer jurisdiction of the appeal upon this court. See Cooper v. State, 164 Texas Cr. Rep. 89, 297 S.W. 2d 172; Thomas v. State, No. 29,386 (page 272 this volume).

The appeal is dismissed.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL

DICE, Judge.

It is now shown that appellant's recognizance was entered into on the date notice of appeal was given and the appeal is re-instated and will be considered.

The state's testimony shows that on the night in question a dance was held at the city auditorium in the city of Houston. Numerous officers were present, including City Policeman E. L. Kennedy and E. F. Thomas of the vice-squad who were dressed in civilian clothes.

Officer Kennedy, the injured party, testified that around 11:00 o'clock P.M. a disturbance was created in the balcony by a group of men standing in an aisle drinking whiskey and not allowing other people to pass; that he and his partner, Officer Thomas, proceeded from the dance floor to the balcony where they identified themselves to a man whom they knew to be Columbus Fuller by telling him they were police officers and exhibiting their badges; that after telling the group to move out of the aisle and being unable to reason with Fuller, who appeared to be intoxicated, he and his partner attempted to place Fuller under arrest; that in the attempt Fuller struck Officer Thomas on the head, whereupon he attempted to pull Fuller away; that in their attempt to subdue Fuller a general melee ensued in which 45 or 50 people rushed towards them at which time he drew his pistol to keep them back, whereupon the appellant jumped up on a railing, dove on top of him, grabbed the barrel of his pistol and struck him on the left side of the head with a bottle that caused a laceration which required four or five stitches to close.

The state called as witnesses, Officers Thomas, Luter and Hunter, who were present at the time of the difficulty, whose testimony corroborated that of Officer Kennedy as to his struggle with the appellant and being hit by him with the bottle. In his testimony, Officer Thomas testified that when he and Officer Kennedy first told the group in the aisle to sit down they told them they were officers and that during the melee which followed he continued to tell and shout to the group that he was an officer.

As a witness in his own behalf appellant denied hitting Officer Kennedy with a bottle and testified that he did not know he

602

was an officer. Appellant testified that on the occasion he did nothing more than grab the gun when drawn by Officer Kennedy and that he did so to defend himself and to keep him from shooting into the crowd.

The jury chose to accept the testimony of the state's witnesses and to reject that of the appellant and we find the evidence sufficient to sustain its verdict.

The record contains two requested charges which were by the court refused, but no exception to such refusal is verified by the trial judge.

In the absence of a timely exception, verified by the trial judge, the refusal of a requested charge is not reversible error. Spivey v. State, 144 Texas Cr. Rep. 432, 164 S.W. 2d 668 and Eldredge v. State, 162 Texas Cr. Rep. 282, 284 S.W. 2d 734.

Appellant's informal bills of exception appearing in the statement of facts have been examined and considered and do not reflect reversible error.

The judgment of the trial court is affirmed.

Opinion approved by the Court.