ELMER FRANKLIN WALLS V. STATE.

No. 31,329. January 13, 1960.

*W. D. Hollars,* Plainview, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for driving while intoxicated; the punishment, 15 days in jail and a fine of $250.

The arresting police sergeant, who saw appellant driving at a high rate of speed and pursued him to where he failed to make a turn, hit the curb and turned his car over, testified that appellant talked like he had cotton in his mouth; that his tongue was thick; that he staggered; that there was a strong odor of alcohol; that he drove mostly on the left side of the road and that two-fifths of whisky, one full and one open and three-fourths gone, and a case of beer were found in the car. The officer expressed the opinion that appellant was intoxicated.

Appellant testified that he had consumed two small drinks of whisky and earlier two beers, but denied that he was intoxicated. He offered a witness who had observed him shortly before his arrest who expressed the opinion that appellant was sober.

The jury chose to accept the testimony of the arresting officer, and the evidence is sufficient to sustain its verdict.

Appellant, in his brief, points out that the evidence shows that he got out of the overturned automobile and stood up without assistance. This in nowise militates against the sufficiency of the evidence as to his being intoxicated.

The principal point upon which reversal of the conviction is sought is the overruling of appellant's motion to quash the jury panel.

The allegations of the motion were to the effect that no order appeared in the records of the court showing that the jury commissioners were sworn; that the list was delivered to the court in open court and was in turn delivered to the county clerk in open court; or showing that the court ordered the envelope containing the jury list to be opened.

We are aware of no authority which holds that the absence of such showing in the minutes of the court is ground for quashing the jury panel.

The motion did not allege that the jury commissioners were not in fact properly selected and sworn, or that the jurors were not regularly selected and drawn and the list properly delivered and opened.

The motion to quash the jury panel was properly overruled.

The judgment is affirmed.