## E. L. AVANTS V. STATE

No. 31,403. February 3, 1960

W. D. Hollars, Plainview, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for selling whisky in a dry area; the punishment, a fine of $250.

Proof was offered that Hale County was a dry area.

Inspector Tippit of the Texas Liquor Control Board testified that on April 7, 1959, he saw the appellant in the 500 block of Cedar Street in Hale County, and on cross-examination he testified that on that date on Cedar Street, a few blocks from the court house in Plainview, he purchased from the appellant one pint of whisky for five dollars.

Appellant did not testify or offer any evidence in his behalf.

Appellant sought to quash the jury panel in this case upon the same grounds as those relied on in Walls v. State, No. 31,329, 168 Tex. Cr. Rep. 619, 331 S. W. 2d 49. The disposition here is controlled by the decision in Walls.

It is insisted that this conviction cannot stand because the state failed to prove that the alleged sale was made in Hale County.

This court will take judicial notice that Plainview is the county seat of Hale County, Texas, and proof that the sale was made in Plainview is sufficient. McClure v. State, 163 Tex. Cr. Rep. 607, 294 S.W. 2d 838; Bell v. State, 166 Tex. Cr. Rep. 340, 313 S.W. 2d 606.

The statement in the charge that the punishment provided for was a period of days or months not exceeding one year instead of not more than one year as provided by statute does not show error. No jail time was assessed as part of the punishment and there is no showing of injury resulting therefrom. Art. 666 C.C.P.

The evidence is sufficient to sustain the conviction and no reversible error appearing the judgment is affirmed.

Opinion approved by the Court.