## Maxine S. Perkinson v. State

No. 32,309. November 9, 1960

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Carol S. Vance,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is robbery; the punishment, five years.

While testifying, the state's witness Brown identified the appellant as the woman who in company with a man, entered the drive-inn grocery where he was employed about midnight. After a brief time, the man approached Brown from behind and as Brown turned, the man prodded him in the stomach with a gun and said, "This is a hold-up. Just be careful and you won't be hurt." At this time the appellant was present with a pistol in her hand. Both the man and the appellant tried to open the cash register before it opened and they took, without Brown's consent, more than $100 from it; and that their actions had put Brown in fear of his life. They cut the telephone wire and forced Brown into the rest room and closed the door. After getting out of the rest room, Brown saw the appellant and the man leaving in an automobile.

Appellant did not testify but called her daughter and her mother. Their testimony tends to show that the man who was with appellant at the time of the robbery was her husband and because of duress by him she participated in the commission of the offense.

The evidence is sufficient to support the conviction.

There are no formal bills of exception.

A requested defensive charge that she acted under duress was refused. If the evidence raised the defense of duress, the refusal of the requested charge was not error as no exception to its refusal was reserved. Smith v. State, 166 Tex. Cr. Rep. 294, 313 SW 2d 291.

The judgment is affirmed.

Opinion approved by the Court.