BOOKER M. CARPENTER V. STATE

No. 33,127. March 15, 1961

Motion for Rehearing Overruled April 12, 1961

WOODLEY, Presiding Judge, absent.

*Joe Shannon*, Fort Worth, for appellant.

*Doug Crouch*, Criminal District Attorney, by *John A. Brady*, Assistant Criminal District Attorney, Fort Worth, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for driving while intoxicated; the punishment, one year in jail and a fine of fifty dollars.

The state's evidence shows that on the day in question the appellant drove his automobile away from a parking lot at the North Fort Worth State Bank after the police had been called to investigate an accident between his automobile and an automobile parked on the lot which belonged to the state's witness Milton G. Martin. Martin, upon being called as a witness, described appellant's actions before leaving the parking lot, and testified that his speech was "very incoherent" "he was staggering" and that he had "all the characteristics of a person very, very drunk." The evidence further shows that appellant was later arrested by Officer James D. Hilts of the Fort Worth Police Department after he had driven into the driveway at his home on Elm Street and was seated behind the steering wheel of his automobile. Officer Hilts testified that before arresting the appellant he had followed his automobile for seven blocks on North Main Street, then down 33rd Street to North Elm and to where appellant turned into the driveway at his home. In describing appellant's actions and appearance at the time, Officer Hilts testified "he had an alcoholic smell," "his eyes were blood shot, and his speech was slurred," "he could not stand alone," and, expressed his opinion that at such time appellant was drunk. Officers Johnnie, Gonzales, and O'Neal, who went to appellant's home and assisted in carrying him to the police station, gave a similar description of his actions and appearance, and expressed the opinion that at such time appellant was drunk.

Testifying as a witness in his own behalf, appellant admitted driving his automobile on the day in question from the bank to his home but denied that, at such time, he was intoxicated. Appellant testified that he was afflicted with arthritis and asthma for which he took benadryl tablets; that he had taken two tablets before his arrest; and that he had taken one drink of whisky after he drove into his driveway at his home and stopped. Appellant stated that after taking the drink of whisky he began to feel the effects of the medicine and went to sleep. Appellant's wife, upon being called as a witness, corroborated his testimony relative to his illness and taking benadryl tablets. She testified that on the day in question appellant did not appear to be intoxicated, that he was not under the influence of intoxicating liquor but that he was "groggy on his medicine."

We find the evidence sufficient to sustain the conviction and overrule appellant's contention that the proof fails to show that

he drove the automobile while intoxicated upon a public street or highway in Tarrant County.

The evidence is clearly sufficient to show that appellant drove his automobile upon a public street in the city of Fort Worth while under the influence of intoxicating liquor. This court will take judicial knowledge that Fort Worth is the county seat of Tarrant County, Texas, and located within the county. Lamkin v. State, 136 Tex. Cr. R. 99, 123 S.W. 2d 662 and Avants v. State, 169 Tex. Cr. R. 19, 331 S.W. 2d 330. Furthermore, Officer Hilts, in his testimony, testified that "Thirty-Third Street," where he saw appellant driving, was a public road or highway "here in Tarrant County."

Complaint is made to the court's refusal to give appellant's requested charge.

The record shows that the court refused the charge but no exception to such refusal is certified by the trial judge.

In the absence of a timely exception, verified by the trial judge, the refusal of a requested charge is not reversible error. Spivey v. State, 144 Tex. Cr. R. 432, 164 S.W. 2d 668; Eldredge v. State, 162 Tex. Cr. R. 282, 284 S.W. 2d 734; Ritchie v. State, 164 Tex. Cr. R. 38, 296 S.W. 2d 551; and Nichols v. State, 165 Tex. Cr. R. 600, 309 S.W. 2d 461.

The jury, by its verdict, assessed appellant's punishment at one year in jail and a fine of $50. The judgment entered thereon by the court orders that appellant be confined in jail until such fine and costs are fully paid, but does not order that appellant be confined in jail for the one year as found by the jury. The judgment is reformed to comply with the jury's verdict so as to order that the State of Texas recover of appellant the said fine of $50 and all costs, that execution issue against the property of appellant for the amount of such fine and costs, and that appellant be committed to the sheriff of Tarrant County who shall confine him in jail for a period of one year and until such fine and costs are fully paid.

The judgment as reformed is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Judge

Appellant earnestly urges that we erred in failing to consider his exception to the refusal of the trial court to grant his requested charge.

The notation of the exception before us here follows the judge's signature. Such is not sufficient to present this matter for review. Spivey v. State, 144 Tex. Cr. R. 432, 164 S.W. 2d 668; Simmons v. State, 153 Tex. Cr. R. 228, 219 S.W. 2d 458; and 5 Tex. Juris. 2nd, Sec. 186, p. 187.

Remaining convinced that we properly disposed of this case originally, appellant's motion for rehearing is overruled.