DON REECE MOSLEY v. STATE

No. 33,718.   November 8, 1961
Motion for Rehearing Overruled January 3, 1962
Second Motion for Rehearing Overruled January 31, 1962

*John Benn,* and *Clyde W. Woody,* (on appeal only), Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Thomas C. Dunn,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for oral sodomy; the punishment, 10 years.

The prosecutrix, age 15, testified that about 6 P.M. on December 23, at appellant's request she accompanied him in an automobile to help him purchase a Christmas gift. He stopped at a drive-in, drank "a beer" and she drank a coke; then he bought some whiskey, and they went to his friend's house where they all drank some. After about an hour they left, and when she asked if they were going home he said "yes", but "let's go ride the ferry," and instead drove to a public park. Upon getting out of the car, he fell, causing his face to bleed. When no cloth could be found to use, she removed and gave him her half-slip. When they re-entered the car, he told her to get in the back seat which she did thinking perhaps it would prevent blood from getting on her clothing. After traveling a short distance, he stopped, got in the back seat and began feeling of her privates. He told her that he would knock her out if she didn't remove her hands so that he could lift her skirt, and during this period he did strike her twice in the face. He then removed her panties and had intercourse with her. She further testified that she screamed and did all she could to prevent him from having intercourse with her, and that he threatened to again injure her and she was scared. While they were out of the car, he pushed her to the ground and tried to put his penis in her rectum, which

caused her pain; and then made her take his penis into her mouth for about ten minutes. Then she escaped because she was scared, ran and hid for a short time, and located a telephone by which she notified the officers who soon came to her.

On cross-examination, the prosecutrix, when asked if she consented to the act of intercourse answered: "I guess if you want to put it that way." On re-direct examination, she testified that she didn't understand the question about her consenting to the act, and then said that she did not agree to the act.

An examination of the prosecutrix the next morning by a physician showed a break in the outermost layer of the skin around the rectum.

At the trial, she identified a pair of hose with the foot portion worn out and a half slip with blood on it as those she was wearing on the night of the attack.

Two officers testified that when they saw the prosecutrix in response to her telephone call, she was hysterical, cold and shivering, with her feet and legs scratched, wet, and muddy, and that the foot portion of her hose was worn out. The half-slip was found that night in appellant's car which was stuck in the mud on the back way out of the park.

Appellant did not testify but offered testimony that he had never been convicted of a felony.

Appellant complains of the court's action in sustaining the objection of the state to a question propounded by the appellant to one of his witnesses. There is no showing of what the answer of the witness would have been, hence no error is shown. 5 Texas Juris., 2d 336, Sec. 202; Soloman v. State, 162 Texas Cr. Rep. 374, 285 S.W. 2d 755; Richards v. State, 165 Texas Cr. Rep. 176, 305 S.W. 2d 375.

The requested charge which was refused does not show that an exception was reserved to the ruling of the trial court, therefore the claimed error is not before us for review. Perkinson v. State, 339 S.W. 2d 897; Kogan v. State, 341 S.W. 2d 925; and Stone v. State, 346 S.W. 2d 323.

The evidence is sufficient to sustain the conviction and, no error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant strenuously takes issue with that portion of our original opinion in which we held that the question of the refusal of the requested charge as to the prosecutrix being an accomplice was not before this court for review. We have re-examined the record and the authorities relied upon and have concluded that this case comes within the rule announced in Press v. State, 168 Texas Cr. Rep. 1, 322 S.W. 2d 525, and that the question of her being an accomplice was not raised by the evidence. Even if we were to assume that the prosecutrix willingly participated in the act of intercourse, it does not follow by any means that she became an accomplice to the act of oral sodomy which followed.

Since the evidence does not raise the issue, the court did not err in declining to submit the same.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.