## WILLIE T. MEDLOCK V. STATE

No. 34,490.   April 11, 1962

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 10 days in jail and a fine of $100.

The arresting officer testified that he followed the Cadillac automobile driven by appellant on a public street; that he had observed many persons who were drunk, and that in his opinion appellant was intoxicated when the Cadillac came to a stop and he arrested the appellant. His conclusion that appellant was intoxicated was based upon the fact that he was unsteady on his feet and talked with a thick tongue and a slur, that he smelled the odor of alcohol upon his breath, and that appellant, who was driving at a speed of approximately 70 miles per hour in a 35 mile per hour speed zone, and was weaving in and out of traffic and across the center line as he was following him, did not have complete control of the automobile or the normal use of his mental and physical faculties.

Appellant testified and offered witnesses who testified that he had consumed only one bottle of beer, and that he was not intoxicated.

The jury resolved the issue against appellant and the evidence is deemed sufficient to sustain the verdict.

The statement of facts is in narrative form, hence no informal bills are presented therein. Bobbitt v. State, 162 Texas Cr. Rep.

206, 283 S.W. 2d 946; Patterson v. State, 163 Texas Cr. Rep. 482, 293 S.W. 2d 656; Owen v. State, 350 S.W. 2d 542.

There are no formal bills of exception.

Objections to the court's charge were overruled, but no exception to the court's ruling is shown, hence the complaints to the charge are not before us. Smith v. State, Texas Cr. App., 353 S.W. 2d 854; Stone v. State, 346 S.W. 2d 323; Hanes v. State, 341 S.W. 2d 428; Smith v. State, 166 Texas Cr. Rep. 294, 313 S.W. 2d 291; King v. State, 166 Texas Cr. Rep. 231, 312 S.W. 2d 501; Kliesing v. State, 165 Texas Cr. Rep. 585, 309 S.W. 2d 445; Ayres v. State, 162 Texas Cr. Rep. 586, 288 S.W. 2d 511; Eldredge v. State, 162 Texas Cr. Rep. 282, 284 S.W. 2d 734.

The same is true as to the refusal of a requested charge; there is no exception to the ruling of the court refusing such charge. Smith v. State, 353 S.W. 2d 854; Moseley v. State, 352 S.W. 2d 847; Carpenter v. State, 345 S.W. 2d 412; Kogan v. State, 341 S.W. 2d 925; Perkinson v. State, 339 S.W. 2d 897; Smith v. State, 166 Texas Cr. Rep. 294, 313 S.W. 2d 291; Nichols v. State, 165 Texas Cr. Rep. 600, 309 S.W. 2d 461; Spivey v. State, 144 Texas Cr. Rep. 432, 164 S.W. 2d 668; Moore v. State, 163 Texas Cr. Rep. 652, 296 S.W. 2d 258; Ritchie v. State, 164 Texas Cr. Rep. 38, 296 S.W. 2d 551; Beaty v. State, No. 34491, not yet reported; and Leonard v. State, No. 34502, this day decided, Vol. 172.

The judgment is affirmed.