LEPORT WALTON V. STATE

No. 34,489.   April 11, 1962
Motion for Rehearing Overruled May 23, 1962

*Pope & Heitler,* Tyler, for appellant.

*Weldin Holcomb,* Criminal District Attorney, *Henry L. McGee, Jr., Jack G. Norwood,* Assistants Criminal District Attorney, Tyler, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense of unlawful possession of whisky in a dry area for the purpose of sale, two prior convictions for like offenses being alleged for enhancement; the punishment, two years in jail and a fine of $1,000.

Calvin Jernigan, Inspector for the Texas Liquor Control Board,

accompanied by Johnnie Perdue and James Rogers, Police Officers of the City of Tyler, searched the Economy Cafe in said city under authority of a search warrant which named the appellant herein as the person who occupied and was in charge and in control of said cafe.

The warrant was served on appellant, who was in the front part of the cafe.

Six half pint bottles of Old Crow Whisky were found in the cafe, two in a stone crock of sugar and 3 under the water heater in the kitchen, one in the soft drink box in the rear of the dining room.

It was stipulated that the area was dry, and by evidence and stipulation the two previous convictions of appellant upon pleas of guilty to the possession of whisky in a dry area for the purpose of sale were established.

Appellant's first four claims for reversal relate to the testimony of Police Officer Johnnie Perdue and are presented as informal bills of exception 1 to 4 inclusive.

Bill 1 complains that on cross-examination, in answer to the question "But you don't like him (appellant) a bit in the world and that is your testimony?" the witness answered "Yes, sir; because in my opinion he is a bootlegger and I don't have no use for him."

The court sustained appellant's objection to the statement of the witness and instructed the jury not to consider it for any purpose. Appellant reserved exception to the court's overruling of his motion for mistrial.

The complaint must be considered in light of the fact that the witness had testified that he was not friendly with appellant and carried no good feeling or will toward him "not a bit in this world", and that appellant had asked the witness if it was not a fact that he was mad at the appellant because he had brought a law suit against him for false arrest, to which the witness replied that appellant had not sued him for false arrest.

In view of the evidence and the court's instruction to the jury, no reversible error is shown. Kilgore v. State, 111 Texas Cr. Rep. 440, 15 S.W. 2d 21.

Bill 2 complains that the court overruled his objection and his motion to strike the question and answer (referring to people working at the Economy Cafe) "who were they working for, if you know?" to which the witness had answered "For Leport Walton." We see no error.

Bill 3 complains that the court overruled his objection and motion to have the jury instructed not to consider the witness' answer: "How do I know it? They have told me."

Appellant's counsel had asked the witness to tell the jury how he knew that the persons referred to in the preceding bill were working for appellant, and the answer is shown to have been in response to such question.

The fact that the witness further testified on cross-examination that the statements referred to were not made in the presence of the appellant did not render the answer inadmissible.

Bill 4 shows that after having testified on direct and on cross-examination that the premises searched, known as the Economy Cafe, were under the control of appellant on the day of the search, and having testified on cross-examination that he knew that to be true of his own knowledge, and after the witness had testified that he had never seen the persons above mentioned get paid, the witness was asked by appellant's counsel, and answered:

"Q. Now you say that the premises were controlled by Leport Walton on that date and you know that? A. Yes, sir.

"Q. You know that of your own knowledge don't you sir?

"A. I believe it with my soul and heart."

The bill complains that the court overruled appellant's objection to the answer of the witness and his motion that the entire testimony of the witness with reference to the control of the premises on the day of the search be stricken.

We are aware of no authority supporting this claim of error and are cited to none.

There was ample evidence from other sources sufficient to sustain a finding that appellant was in control of the premises,

and the case was submitted to the jury as one of circumstantial evidence.

Appellant's remaining informal bill he relies on in his brief complains of the overruling of his objection to the answer of Officer Rogers: "He attempted to leave after that."

The answer was in response to the question asking the witness to "tell the jury, please, what Leport Walton did."

The overruling of the objection upon the ground "Conclusion and is repetition" was not error warranting reversal.

Appellant's remaining claims of error relate to the court's refusal to give special requested charges.

No exceptions to the court's rulings in this regard are shown in the record, hence these claims of error are not before this Court for review. See Medlock v. State, No. 34,490, 172 Texas Cr. Rep. 228, 356 S.W. 2d 312, and cases there cited.

The judgment is affirmed.