**H. W. (Bill) FAULKNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38014.**

Court of Criminal Appeals of Texas.

March 31, 1965.

Rehearing Denied May 26, 1965.

Valton Sudderth, Brownwood, Ben D. Sudderth, Comanche, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is statutory rape; the punishment, five years.

The prosecutrix, who was thirteen years of age on the date of the alleged offense, lived with her father and other brothers and sisters at Brookesmith, in Brown County. The appellant, sixty-three years old, was an acquaintance of the family and on numerous occasions came to the home and took the prosecutrix and her brothers and sisters riding in his pickup truck.

The prosecutrix testified that on an occasion in the summer of 1963 "about the time school started" when she was riding in the front seat of the pickup with appellant and her brother was driving, the appellant pulled off her panties and put his "peter" into her private parts. She stated that she knew what a man's sex organ was and that a man's penis was what "you refer to as a peter." She further stated that when appellant committed the act upon her he was sitting in the front seat and that she was on top, facing him, with her feet toward the back of the seat. She related that on other occasions appellant had done the same

thing to her and on each occasion would give her money. Upon being asked to spell what appellant did to her, the prosecutrix spelled the four-letter word, "FUCK."

The eleven-year-old sister of the prosecutrix, who was riding in the back of the pickup on the occasion in question, corroborated her testimony.

Testifying in his own behalf, appellant denied any act of sexual relations with the prosecutrix. He further testified that his right leg had been amputated and that he wore an artificial limb; that he had a six-inch bone graft and silver plate around the ankle of his left foot and that because of such condition he was unable to make penetration in attempted sexual relations with his wife. His wife corroborated his testimony with reference to their sexual relations.

The jury by its verdict resolved the conflict in the testimony against the appellant.

█ We first overrule appellant's contention that the court erred in denying his motion for an instructed verdict of "not guilty" because the state failed to prove penetration or carnal knowledge. The testimony of the prosecutrix that appellant put his penis in her private parts and her description of the act by use of the word, "fuck," was sufficient to constitute proof of penetration. In the early case of Barnett v. State, 35 Tex.Cr.R. 280, 33 S.W. 340, the word, "fuck," was recognized by the court as meaning "carnal knowledge." Nor did the court err in overruling the motion for an instructed verdict on the ground of a fatal variance between the allegation in the indictment and the proof as to the date of the commission of the offense. The indictment, presented by the grand jury on April 2, 1964, alleged that the offense was committed on or about the 28th day of September, 1963. The testimony of the prosecutrix shows that the offense was committed in the summer of 1963, before the start of school. The state was not bound by the date alleged in the indictment and could prove that the offense was committed before, on, or after the date alleged, so long as the date was anterior to the presentment of the indictment and not barred by limitation. Rangel v. State, 171 Tex.Cr.R. 620, 352 S.W.2d 275.

█ The refusal of appellant's requested charge, found in the transcript relative to the other acts of intercourse testified to by the prosecutrix, is not properly before us for review, in the absence of an exception by appellant to the court's action. Carpenter v. State, 171 Tex.Cr.R. 65, 345 S.W. 2d 412.

Complaint is made to certain rulings by the court touching the qualification and competency of the prosecutrix to testify as a witness in the case.

It is first contended that the court erred in refusing appellant's motion, made in advance of trial, requesting the court to enter an order directing that the prosecutrix be made available for examination by a psychiatrist to be selected by appellant or named by the court, touching her qualifications as a witness in the case.

While the question of the court's action in refusing the motion is not before us by a proper bill of exception, we observe that in the case of Rettig v. State, 90 Tex.Cr.R. 142, 233 S.W. 839, this court held that a trial court was without authority in an assault-with-intent-to-rape case to enter an order requiring the prosecutrix to subject herself to examination by a physician.

It is further contended that the court abused his discretion in holding the prosecutrix competent to testify, and also that the court erred in restricting appellant's examination of the prosecutrix touching her qualification and competency as a witness and in refusing to allow appellant to read into the record the questions which he proposed to ask her.

The record reflects that before the prosecutrix was permitted to testify, she was examined by the court and the attorneys for

the state and the appellant, outside the presence and hearing of the jury, with reference to her qualification and competency as a witness. She testified that she was thirteen years of age and in the fifth grade in school. She further stated that she knew she was supposed to tell the truth and that it was wrong to tell a lie. She also stated that it was her understanding that when given the oath she was affirming to tell the truth.

Art. 708, Vernon's Ann.C.C.P., provides in part as follows:

"All persons are competent to testify in Criminal Cases except the following: 2. Children or other persons who, after being examined by the court appear not to possess sufficient intelligence to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath."

■ Under this statute, the competency of a child as a witness is for the trial court's determination and his ruling will not ordinarily be overturned on appeal except for an abuse of discretion. Nicholas v. State, 99 Tex.Cr.R. 504, 270 S.W. 555.

■ From the record it appears that the prosecutrix possessed sufficient intelligence to relate the transaction with respect to which she was interrogated and that she understood the obligation of an oath. In holding her competent to testify, the court did not err.

■ While the record reflects that during the examination of the prosecutrix the court refused to permit appellant's counsel to "ask a few more questions touching her qualifications," the record does not reflect that the court refused to allow appellant *to read into the record* the questions he proposed to ask. The record reflects that, during the examination of prosecutrix's eleven-year-old sister outside the presence and hearing of the jury as to her qualifications and competency as a witness, appellant requested permission to read into the record certain questions which he desired to ask and was informed by the court that he could ask the questions on cross-examination of the witness. We have carefully considered the manner in which the court determined the competency of both the prosecutrix and her sister and find no error therein.

■ Complaint is also made to the court's refusal to permit the witness Ovid Walls, who was principal of the elementary school which the prosecutrix attended, to testify relative to certain intelligence tests given the prosecutrix and the results thereof. Saucier v. State, 156 Tex.Cr.R. 301, 235 S.W.2d 903, is relied upon by appellant in support of his contention that such testimony should have been admitted before the jury. In the absence of the jury, the witness Walls testified that the prosecutrix had been given certain intelligence tests the results of which showed a mental deficiency. One of the tests reflected that the prosecutrix had an I.Q. of 79, as against a normal quotient of 100. No testimony was given by the witness that the prosecutrix was insane, which, under Art. 708, supra, would render her incompetent to testify.

In refusing to admit the testimony, the court did not err. Saucier v. State, supra, is not here applicable, because in that case the evidence offered was with reference to the insanity of a witness, which, under the statute, could render the witness incompetent.

Appellant's remaining claims of error relate to certain jury arguments of state's counsel.

■ In his opening argument to the jury, the district attorney made reference to appellant as a man of *unnatural and perverted* sexual desires. While such reference was a reasonable deduction from the evidence, the careful trial judge sustained appellant's objection to the argument. No further request was made of the court by appellant. We perceive no reversible error.

In his closing argument to the jury the prosecuting attorney said:

"A number of remarks of counsel need and cry out for an answer. He says, 'What does this man look like?' How are we to know what a man looks like that is a deviationist? We have read only recently of another case * * *"

We find no reversible error in such argument, as counsel was interrupted by the court and no reference was made to any other particular case.

The judgment is affirmed.

Opinion approved by the court.