Robert William HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 39713.

Court of Criminal Appeals of Texas.

June 15, 1966.

Ed. M. Brown, Dallas, for appellant.

Doug Crouch, Dist. Atty., Roland H. Hill, Jr., and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, 98 years.

Trial was begun on November 3, and judgment was rendered on November 7, 1965. Notice of appeal was given on December 16, 1965. This opinion will be prepared under the statutes in effect prior to January 1, 1966.

Eva Merle Sneed testified that she, her husband, who was later killed, and her step sister, Robbie Smith, repaired to the Adult Lounge, where they enjoyed the beer and the entertainment. Shortly after their arrival appellant approached their table and asked to speak to Robbie, which request Mrs. Sneed declined. Appellant stated that he wanted to hear the denial of his request from Robbie's lips, and Robbie then stated that she did not wish to speak with appellant. At this juncture Mrs. Sneed's husband instructed appellant to leave their table; appellant slapped him, and when he rose from his chair, appellant shot him with a pistol. The deceased grappled with appellant momentarily, and when the bartender separated them, deceased made his way out of the lounge where he fell and there remained until an ambulance arrived. He was taken to the hospital where he died from gun shot wounds.

Appellant testified that he had lived with Robbie for approximately six months until she became pregnant and they had a quarrel, and that she had returned to the Sneed home from whence he had gotten her. He stated that on the night in question he armed himself because of his fear of deceased, who had threatened his life when he tried to visit Robbie after her return to the Sneed house. He stated that when he went to

the Sneed table at the Adult Lounge the deceased told him he could not talk to Robbie, jumped up and put his hand in his pocket, whereupon, he shot deceased and then shot him again while they were struggling on the floor.

■ Appellant's claim of self defense was submitted to the jury and by them rejected, and we find the evidence sufficient to sustain the conviction.

■ We shall discuss the contentions raised by brief and in argument. It is contended that the court erred in sustaining the State's objections to two questions relating to deceased's reputation. There is no showing as to what the witnesses' answers to the questions would have been, and therefore no error is shown. Solomon v. State, 162 Tex.Cr.R. 374, 285 S.W.2d 755, Mosley v. State, 172 Tex.Cr.R. 12, 352 S.W.2d 847, and cases there cited.

Appellant next contends that the court erred in refusing to grant his motion for new trial. The alleged newly discovered evidence was obtained from the witnesses Arelious Riley, Clyde Carter and Edwin Bright as to the violent character of deceased, and his propensity to carry out a threat which he had made. Bright testified at the trial; Riley was present in the court at the time of trial and was interviewed by attorneys representing appellant, and Carter was at the Adult Lounge on the night of the homicide, and by the exercise of reasonable diligence his testimony might have been secured at the trial.

■ In Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612, this Court went to some length in discussing the necessity for establishing diligence in securing the attendance of the witnesses at the trial, and we have concluded it is determinative of appellant's contention in the case at bar. An accused may not secure a new trial by the stratagem of failing to call a witness whose identity and knowledge of his case

were known or by the exercise of reasonable diligence might have been known prior to trial.

No reversible error appearing, the judgment is affirmed.