**UNITED STATES**

v.

**Airman Anthony B. LEWIS, FR 261–65–1709, United States Air Force.**

**ACM S25422.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 25 Aug. 1981.

Decided 9 April 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Major George D. Cato.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

DECISION

KASTL, Judge:

The accused was convicted of four larcenies and an attempted larceny, in violation of Articles 121 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 880. On appeal, he asserts that his guilty pleas were improvident. We disagree.*

The accused stole a stereo unit, amplifier, and speakers from the Base Exchange at Williams Air Force Base, Arizona. At trial, he explained that he had failed to pay full price for them, switching price stickers and paying the lesser amounts shown on the substituted stickers. Specifically, he stated that he paid $87.00 for the speakers and amplifier, of the correctly marked amount of over $150.00; and paid between $30.00 and $40.00 for the stereo, of the correctly marked amount of over $300.00. Later the same day, the accused returned to the Base Exchange and presented the amplifier and stereo unit to the sales clerk in an attempt to steal a cash refund of over $400.00 by returning the items.

The accused now asserts that the military judge erred in accepting guilty pleas to stealing items having a greater value than

---

* The accused pleaded guilty to theft of stereo equipment but not guilty to theft of tennis shoes. He was found guilty of all offenses by a military judge sitting alone as a special court-martial and sentenced to a bad conduct discharge, confinement at hard labor for five months, forfeiture of $250.00 per month for five months, and reduction to airman basic.

the evidence of record supports. More precisely, he asserts that he cannot be guilty of larceny of stereo equipment worth over $150.00 and $300.00, respectively, because he made partial payment. Because of the same partial payment, he also argues that he cannot be guilty of attempted larceny of a cash refund of over $400.00, as alleged.

We find the accused guilty of larceny of the entire amount taken, not the value of the items offset by the amount of partial payment. Similarly, we find the accused guilty of attempted larceny of the entire amount charged. Accordingly, we find his guilty pleas provident.

We believe this case is governed by the rationale in *United States v. Pond*, 37 C.M.R. 855 (A.F.B.R.1966), *rev'd on other grounds*, 38 C.M.R. 17 (C.M.A.1967). There, the accused allegedly obtained a muffin tin normally selling at the Base Exchange for $1.80 for $1.00 by switching price tags. The accused asserted on appeal that the only loss occurring to the Exchange by the transfer of price stickers was a diminution in the amount of payment for the item, and that what in fact was stolen was the sum of 80 cents. Disagreeing, the predecessor Board of Review stated:

> The fact that accused paid $1.00 in order to obtain the muffin tin which had a value of $1.80 did not result in accused

obtaining the sum of $.80 from the Exchange. *The property wrongfully obtained by accused was the 12-cup muffin tin, as alleged.* (emphasis added).

*United States v. Pond, supra,* at page 858.

Noting that reversal by the United States Court of Military Appeals was upon another issue, we adhere to the rationale of *Pond.* See 50 Am.Jur., Larceny § 26–27 (1970) and Annot., 14 A.L.R. 894, 901 (1921). See also *People v. Hess,* 90 Cal.Rptr. 268, 273, 10 Cal.App.3d 1071, 1080 (Cal.Ct.App.1970) and *Kogan v. State,* 170 Tex.Cr.R. 463, 341 S.W.2d 925 (Texas Crim.App.1960). See generally, *State v. Albert,* 117 Or. 179, 242 P. 1116, 1118 (Or.1926).

We have evaluated the entire record, including matters relating to sentence appropriateness. The findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MAHONEY, Judge, concur.